**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY SETLIFF**, *on behalf of himself and all others similarly situated,* | ) ) ) ) | |
| Named Plaintiff, | ) | Case No. 3:23-cv-2255 |
| v. | ) ) | |
| **CHARTER MANUFACTURING COMPANY, INC.** | ) ) | |
| Defendant. | ) ) ) ` | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES the above-named Defendant, CHARTER MANUFACTURING COMPANY, INC.., by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., as and for its Answer and Affirmative Defenses against the above-named Plaintiff, TIMOTHY SETLIFF, alleges and shows to the Court as follows:

**FIRST DEFENSE**

1.      The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further required the

1

Case 2:25-cv-00322-LA     Filed 01/29/24     Page 1 of 32     Document 7

payment of overtime compensation and/or contained other compensation requirements. See O.R.C. §§ 4111.03(A), 4113.15.

**ANSWER:** The allegations in paragraph 1 purport to summarize Plaintiffs' claims and an affirmative response is not required.

2. Setliff brings this collective and class action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, as well as the laws of the State of Ohio, to recover unpaid wages and other damages from Defendant.

**ANSWER:** The allegations in paragraph 2 purport to summarize Plaintiffs' claims and an affirmative response is not required.

3. Setliff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective" as defined below)

**ANSWER:** The allegations in paragraph 3 purport to summarize Plaintiffs' claims and an affirmative response is not required.

4. Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually related claims under the laws of the State of Ohio (the "Ohio Class" as defined below).

**ANSWER:** The allegations in paragraph 4 purport to summarize Plaintiffs' claims and an affirmative response is not required.

5. Plaintiff and other members of the FLSA Collective and Ohio Class ("Putative Class" or "Putative Class Members") now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, other penalties, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court

deems equitable and just as a result of at least two (2) of Defendant's companywide pay policies/practices as more fully described below.

**ANSWER:** The allegations in paragraph 5 purport to summarize Plaintiffs' claims and an affirmative response is not required.

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. See 29 U.S.C. § 216(b).

**ANSWER:** The allegations in paragraph 6 purport to state a legal conclusion and an affirmative response is not required.

7. This Court also has supplemental jurisdiction over the state-law claims because these claims arise from a common nucleus of operative facts. See 29 U.S.C. § 1367.

**ANSWER:** The allegations in paragraph 7 purport to state a legal conclusion and an affirmative response is not required.

8. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Northern District of Ohio; Defendant is a foreign for-profit corporation, formed and subject to the laws of the State of Ohio; and the challenged policy and/or practice at issue emanates from one of its facilities located at 6255 State Hwy 23, Rising Sun, Ohio 43457, which is in this judicial district.

**ANSWER:** The allegations in paragraph 8 purport to state a legal conclusion and an affirmative response is not required.

9. Setliff worked for Defendant from approximately May 9, 2011 until February 1, 2022 in one or more hourly, non-exempt positions at one of its manufacturing facilities located at 6255 State Hwy 23, Rising Sung (sic), Ohio 43457.

**ANSWER:** Defendant admits that Setliff was an hourly, non-exempt employee on the dates identified above. Defendant denies that its facility is located in Rising Sung.

10. During the three years preceding this Complaint, Setliff worked as a manufacturing employee in the position of maintenance technician.

3

**ANSWER:** Defendant admits the allegation in paragraph 10.

11. Setliff's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**ANSWER:** Defendant admits that the attached consent form speaks for itself and that an affirmative response is not required.

12. Defendant is a foreign for-profit corporation and may be served with process by serving its registered agent: CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

**ANSWER:** Defendant admits that its registered agent is located at the identified address, but denies the remaining allegations in paragraph 12.

13. As more fully alleged below, Defendant operates several manufacturing facilities across the continental United States.

**ANSWER:** Defendant admits only that it operates several manufacturing facilities and denies the remainder of the allegation in paragraph 13.

### III. FACTS

14. As alleged above, Setliff worked for Defendant from approximately May 9, 2011 until February 21, 2022 at one of its manufacturing facilities located at 6255 State Hwy 23, Rising Sung, Ohio 43457.

**ANSWER:** Defendant incorporates its response to paragraph 9 as if fully rewritten herein.

15. During the three years preceding this Complaint, Defendant classified Setliff as an hourly, non-exempt employee in the position of maintenance technician.

**ANSWER:** Defendant admits the allegations in paragraph 15.

16. As a maintenance technician, Setliff primarily performed non-exempt job duties such as inspecting and repairing machines, welding, and rigging fabrications.

**ANSWER:** Defendant admits the allegations in paragraph 16.

4

17. Throughout his employment, Defendant classified him and other manufacturing employees, including, but not limited to, in the positions of welder fabricator, utility worker, machine operators, and technicians, as non-exempt.

**ANSWER:** The allegations in paragraph 17 are vague and conclusory and Defendant therefore denies the same.

18. Throughout his employment, Charter paid him and other hourly, non-exempt manufacturing employees on an hourly basis, defined their workweek as Sunday through Saturday, and paid them on a weekly basis.

**ANSWER:** The allegation regarding other hourly, non-exempt manufacturing employees is vague and Defendant therefore denies the same. Defendant admits that it has defined the employee workweek as Sunday through Saturday and pays hourly employees on a weekly basis.

19. At all times relevant, Named Plaintiff and other members of the FLSA Collective and Ohio Class were hourly, non-exempt employees entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207; O.R.C. § 4111.03.

**ANSWER:** The allegations in paragraph 19 purport to state legal conclusions and an affirmative response is not required.

20. Named Plaintiff and other members of the Putative Class worked overtime hours during one or more workweeks during their employments with Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 20.

21. Like the Putative Class Members (as defined below), Setliff regularly worked more than forty (40) hours in a workweek, Defendant was aware that they worked overtime, but Defendant did not fully and properly pay him and the Putative Class Members in accordance with the minimum requirements of the FLSA and Ohio law for all of their compensable hours worked due to its companywide policies/practices in at least two (2) ways described below.

**ANSWER:** Defendant denies the allegations in paragraph 21.

22. Named Plaintiff and similarly situated manufacturing employees arrive at work prior to the scheduled start of their shifts.

**ANSWER:** The allegations in paragraph 22 are vague and Defendant therefore denies same.

23. After arriving at their respective manufacturing facilities, Defendant requires its manufacturing employees to clock in/out each day with a badge containing each employee's personal identification number to keep track of their work hours.

**ANSWER:** Defendant denies the allegations in paragraph 23.

24. Once clocked in, but prior to the scheduled "start" of their shift, Named Plaintiff and similarly situated employees regularly performed integral and indispensable unpaid work, including retrieving and donning personal protective equipment such as safety gloves, a hard hat, protective glasses, and ear plugs ("PPE").

**ANSWER:** Defendant denies the allegations in paragraph 24.

25. All of Defendant's PPE is stored in the locker rooms on the premises and Named Plaintiff and similarly situated others are not permitted to take the PPE home with them

**ANSWER:** Defendant denies the allegations in paragraph 25.

26. After donning PPE, Named Plaintiff and manufacturing employees walked to their respective work areas and engaged in a "pass-down" meeting with the previous shift's employees to relieve them for their shifts.

**ANSWER:** Defendant denies the allegations in paragraph 26.

27. During this meeting, the hourly manufacturing employees being relieved relayed any necessary information about what had occurred during the previous shift, went over any issues, performed safety checks, troubleshooted, and/or went over what needed to be accomplished during the incoming shift.

**ANSWER:** Defendant denies the allegations in paragraph 27.

6

28. After completing the above tasks, Named Plaintiff and other manufacturing employees continued performing their manufacturing job duties up through and including until they clocked out at the end of their shifts.

**ANSWER:** Defendant admits that Named Plaintiff performed work during his scheduled shift. Defendant denies the remaining allegations in paragraph 28.

29. At the end of their scheduled shifts, however, Named Plaintiff and other manufacturing employees were required to engage in another "pass-down" meeting with the incoming shift's employees in order to be relieved from their job duties.

**ANSWER:** Defendant denies the allegations in paragraph 29.

30. All of this work is captured on Defendant's companywide timekeeping system.

**ANSWER:** The allegation in paragraph 30 is vague and Defendant therefore denies the same.

31. Despite utilizing a company-wide timekeeping system that tracks exactly when each hourly employee "punches" or clocks in/out each day, Defendant maintains a policy and/or practice whereby it generally only compensates its employees for their scheduled shifts (or rounds to their scheduled shifts) ("Pay-to-Shift Policy") rather than paying them for all of the time it suffered or permitted its employees to work for its benefit.

**ANSWER:** Defendant denies the allegations in paragraph 31.

32. The pre and post-shift job duties resulted in Named Plaintiff and other similarly situated manufacturing employees performing integral and indispensable work for at least ten (10) minutes each day prior to and after the scheduled start and end of their shifts.

**ANSWER:** Defendant denies the allegations in paragraph 32.

33. Despite Defendant knowing that its employees were clocked in and performing work that was integral and indispensable to their job duties before and after the scheduled start and end of their shifts, Defendant did not pay Named Plaintiff and other similarly situated manufacturing employees for their pre and post-shift work.

7

**ANSWER:** Defendant denies the allegations in paragraph 33.

34. Thus, during all times relevant, Defendant failed to pay Named Plaintiff and other similarly situated hourly manufacturing employees for all overtime work performed because of its policy or practice of not paying employees for pre and post-shift work.

**ANSWER:** Defendant denies the allegations in paragraph 34.

35. At all times relevant, Defendant was aware that Named Plaintiff and other members of the Putative Class performed integral and indispensable work as alleged above because it trained and instructed them to perform such work, observed them performing this work, and they could be subject to discipline if they did not perform such work, but Defendant failed to compensate them for this work nevertheless.

**ANSWER:** Defendant denies the allegations in paragraph 35.

36. Defendant's Pay-to-Shift Policy violates the FLSA and Ohio Acts because it failed to compensate Named Plaintiff for all time he and other members of the Putative Class actually worked for Defendant's benefit.

**ANSWER:** Defendant denies the allegations in paragraph 36.

37. This integral and indispensable unpaid work performed by Named Plaintiff was practically ascertainable to Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 37.

38. There was no practical administrative difficulty of recording/paying this integral and indispensable unpaid work performed by Named Plaintiff and the Putative Class.

**ANSWER:** Defendant denies the allegations in paragraph 38.

39. The unpaid work performed by Named Plaintiff constituted part of his principal activities, was required by Defendant, and was performed for Defendant's benefit.

**ANSWER:** Defendant denies the allegations in paragraph 39.

40. Moreover, the unpaid work was an integral and indispensable part of other principal activities performed by Named Plaintiff and was part of his continuous workday.

8

**ANSWER:** Defendant denies the allegations in paragraph 40.

41. Second, during their employment with Defendant, Named Plaintiff and the Putative Class Members were not fully and properly paid for all of their compensable overtime hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA and the Ohio Acts, which resulted in unpaid overtime wages. Defendant did not properly calculate overtime based on Named Plaintiff's and other members of the Putative Class Members' regular rate of pay, as defined by the FLSA and as required by the Ohio Acts, but instead calculated overtime compensation based on Named Plaintiff's and other members of the Putative Class's hourly rates of pay, resulting in unpaid overtime compensation.

**ANSWER:** The allegations in paragraph 41 purport to summarize Plaintiffs' claims and an affirmative response is not required. To the extent a response may be required, Defendant denies the allegations in paragraph 41.

42. Defendant paid Named Plaintiff and the Putative Class Members a Base Hourly Wage as well as one or more additional forms of nondiscretionary remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation calculation purposes, including but not limited to shift premiums for working certain shifts, retention bonuses, and other forms of compensation which were based on objective, predetermined, and measurable criteria, induced workers to work more efficiently or productively or at undesirable hours, incentivized or encouraged Named Plaintiff and similarly situated workers to work more steadily, rapidly and/or efficiently, and/or incentivized or encouraged its workers to remain with the company given its importance to the overall operation of Defendant's business. See 29 C.F.R §§ 778.207(b), 778.211(c). See also U.S. Department of Labor Fact Sheet # 56C: Bonuses under the Fair Labor Standards Act (FLSA).

9

**ANSWER:** The allegations in paragraph 42 purport to summarize Plaintiffs' claims and an affirmative response is not required. To the extent a response may be required, Defendant denies the allegations in paragraph 42.

43. Defendant informed Named Plaintiff and other members of the Putative Class of the additional non-discretionary Additional Remuneration, upon hiring or otherwise during their employments. Named Plaintiff and other members of the Putative Class expected to receive the Additional Remuneration and did in fact receive the Additional Remuneration.

**ANSWER:** The allegations in paragraph 43 are vague and Defendant therefore denies the same.

44. During the last three years preceding the filing of this Complaint, Named Plaintiff and other members of the Putative Class received or earned their Base Hourly Wage in addition to the Additional Remuneration as described above in one or more workweeks when they work overtime hours, more than forty (40) hours in a single workweek.

**ANSWER:** The allegations in paragraph 44 are vague and Defendant therefore denies the same.

45. However, Defendant failed to include the Additional Remuneration in calculating Setliff's and the Putative Class Members' regular rates of pay for overtime purposes during workweeks when he and the Putative Class Members worked overtime in one or more workweeks.

**ANSWER:** Defendant denies the allegations in paragraph 45.

46. As a result of the Pay-to-Shift Policy and/or the Additional Remuneration Policy alleged above, Defendant's failure to compensate Named Plaintiff and similarly situated members of the Putative Class for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio Acts, O.R.C. §§ 4111.03(A), 4113.15.

**ANSWER:** Defendant denies the allegations in paragraph 46.

10

47. At all of Defendant's manufacturing facilities, Defendant applied and/or continues to apply the same or similar policies or practices alleged above to the Putative Class Members.

**ANSWER:** Defendant denies the allegations in paragraph 47.

48. Defendant knew that Named Plaintiff and other members of the Putative Class were entitled to overtime compensation under federal and Ohio or acted in reckless disregard for whether they were so entitled.

**ANSWER:** Defendant denies the allegations in paragraph 48.

49. Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and the Ohio Acts.

**ANSWER:** Defendant denies the allegations in paragraph 49.

50. The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. §§ 4111.03, 4113.15; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff and other members of the Putative Class.

**ANSWER:** Defendant denies the allegations in paragraph 50.

51. Charter manufactures, processes, and ships bar, rod, wire products, and steel coils for automotive and industrial equipment markets across the continental United States and supplies such products globally.

**ANSWER:** Defendant admits the allegations in paragraph 51.

52. While it is headquartered at its corporate office 12121 Corporate Parkway, Mequon, WI, 53092, it operates several manufacturing facilities, including the facility where Named Plaintiff and the Putative Class worked, across the United States in Ohio, Wisconsin, and Illinois.

**ANSWER:** Defendant admits that its corporate office is located at the address specified and that it operates manufacturing facilities in Ohio, Wisconsin, and Illinois. It denies the remaining allegations in paragraph 52.

53. At all times relevant, Charter was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:** The allegation in paragraph 53 purport to state a legal conclusion and an affirmative response is not required.

54. At all times relevant, Charter was an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Charter performs related activities through unified operations and common control for a common business purpose; namely, the operation of "Charter" facilities throughout the United States.

**ANSWER:** The allegations in paragraph 54 purport to state legal conclusions and an affirmative response is not required.

55. Each facility is engaged in related activities, i.e. all activities which are necessary to the operation and maintenance of Charter manufacturing facilities.

**ANSWER:** The allegations in paragraph 55 purport to state legal conclusions and an affirmative response is not required.

56. Each facility has common management, ownership, and related interests across all Charter manufacturing facilities.

**ANSWER:** The allegations in paragraph 56 purport to state legal conclusions and an affirmative response is not required.

57. Charter retains the ultimate authority over operational control over significant aspects of the day-to-day functions of each Charter manufacturing facility, including supervising, and controlling schedules, and conditions of employment of Setliff and the Putative Class Members.

**ANSWER:** The allegations in paragraph 57 purport to state legal conclusions and an affirmative response is not required.

58. Each manufacturing facility provides the same or similar array of products.

12

**ANSWER:** The allegations in paragraph 58 are vague and therefore Defendant denies the same.

59. At all times relevant, Charter had direct or indirect control and authority of Named Plaintiff's and the Putative Class Members' working conditions, including matters governing the essential terms and conditions of their employment.

**ANSWER:** The allegations in paragraph 59 purport to state legal conclusions and an affirmative response is not required.

60. At all times relevant, Charter exercised authority and control over Named Plaintiff and the Putative Class Members across all Charter manufacturing facilities.

**ANSWER:** The allegations in paragraph 60 purport to state legal conclusions and an affirmative response is not required.

61. At all times relevant, Charter had the authority to (and do) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records across all Charter manufacturing facilities.

**ANSWER:** Defendant admits the allegations in paragraph 61.

62. At all times relevant, Charter was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Charter has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as medical, dental, and veterinary products, personal protective equipment, computers, and cell phones.

**ANSWER:** The allegations in paragraph 62 purport to state legal conclusions and an affirmative response is not required.

63. At all relevant times, Charter has had an annual gross volume of sales made, or business done, of not less than $500,000 each of last three (3) years preceding the original Complaint.

**ANSWER:** Defendant admits that it had annual gross value of sales made of not less than $500,000 in the last three years preceding this Complaint but denies the remaining allegations in paragraph 63.

64. As alleged above, Charter applied its Pay-to-Shift Policy and Additional Remuneration Policy uniformly to its hourly manufacturing employees across all of its facilities in the continental United States.

**ANSWER:** Defendant denies the allegations in paragraph 64.

### A. FLSA Collective Action for Unpaid Overtime Wages

65. Named Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

**ANSWER:** The allegations in paragraph 65 purport to summarize Plaintiff's claims and an affirmative response is not required. In further answer, Defendant denies that a collective is appropriate.

66. As outlined above, the FLSA Collective that Named Plaintiff seeks to represent as members of the FLSA Collective and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is a member, is composed of and defined as follows:

> All hourly, non-exempt Charter manufacturing employees who were paid according to Defendant's Pay-to-Shift Policy at any time during the past three (3) years and continuing through final disposition of this case ("FLSA Pay-to-Shift Collective" or "FLSA Pay-to-Shift Collective Members"); and

> All hourly, non-exempt Charter manufacturing employees who were paid according to Defendant's Additional Remuneration Policy at any time during the past three (3) years and continuing

14

through final disposition of this case ("FLSA Additional Remuneration Collective" or "FLSA Additional Remuneration Collective Members").

**ANSWER:** As to paragraph 66, Defendant admits that Plaintiff seeks to propose a collective, but Defendant denies that a collective is appropriate.

67. The FLSA Pay-to-Shift Collective Members and FLSA Additional Remuneration Collective Members are collectively referred to as the "FLSA Collective Members" or "FLSA Collective."

**ANSWER:** As to paragraph 67, Defendant denies that a collective is appropriate.

68. This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former hourly manufacturing employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

**ANSWER:** Defendant denies the allegations in paragraph 68.

69. Examples of other members of the FLSA Collectives are those who performed worked at any of its manufacturing facilities in the continental United States, such as maintenance technicians, welder fabricator, utility worker, operators, and technicians among others to be identified in discovery.

**ANSWER:** The allegations in paragraph 69 purport to state a legal conclusion and an affirmative response is not required. Defendant further answers that a collective is not appropriate.

70. Maintaining this case as a collective action and issuing Notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

15

**ANSWER:** The allegations in paragraph 70 purport to state a legal conclusion and an affirmative response is not required. Defendant further answers that a collective is not appropriate.

71. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records that they were required to maintain pursuant to the FLSA. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

**ANSWER:** Defendant denies the allegations in paragraph 71.

72. Named Plaintiff cannot yet state the exact number of similarly situated persons but avers, upon information and belief, that the FLSA Collectives consists of several hundred or more persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and were required to maintain, pursuant to the FLSA.

**ANSWER:** Defendant denies the allegation in paragraph 72.

73. Named Plaintiff brings his Ohio Acts claims under Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the Ohio Class Members, defined as:

> All hourly, non-exempt Charter manufacturing employees who were paid according to Defendant's Pay-to-Shift Policy at any time during the past two (2) years and continuing through final disposition of this case ("Ohio Pay-to-Shift Class" or "Ohio Pay-to-Shift Class Members"); and

> All hourly, non-exempt Charter manufacturing employees who were paid according to Defendant's Additional Remuneration Policy at any time during the past two (2) years and continuing through final disposition of this case ("Ohio Additional

16

Remuneration Class" or "Ohio Additional Remuneration Class Members").

**ANSWER:** As to paragraph 73, Defendant admits that Plaintiff seeks to propose a class, but Defendant denies that a class is appropriate.

74. As alleged above, the Ohio Pay-to-Shift Class and the Ohio Additional Remuneration Class are collectively referred to as the "Ohio Class" or "Ohio Class Members."

**ANSWER:** As to paragraph 74, Defendant denies that a collective is appropriate.

75. The Ohio Class, as defined above, is so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of several hundred or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant maintained, and were required to maintain, pursuant to the FLSA and the Ohio Acts. See 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and Art II., Section 34a of the Ohio Constitution.

**ANSWER:** Defendant denies the allegations in paragraph 75 and denies that a collective is appropriate.

76. Named Plaintiff is a member of the Ohio Class and his claims for unpaid wages are typical of the claims of other members of the Ohio Class.

**ANSWER:** Defendant denies the allegations in paragraph 76.

77. Named Plaintiff will fairly and adequately represent the Ohio Class and the interests of all members of the Ohio Class.

**ANSWER:** As to paragraph 77, Defendant denies that a class is appropriate. The allegations are also vague and conclusory, and Defendant therefore denies the same.

78. Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Class that he has undertaken to represent.

17

**ANSWER:** Defendant lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 78 and therefore denies the same.

79. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Class. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

**ANSWER:** The allegations in paragraph 79 are conclusory and therefore Defendant denies the same. Defendant further denies that a class is appropriate.

80. Questions of law and fact are common to the Ohio Class and predominate over any questions affecting only individual members. The questions of law and fact common to the Ohio Class arising from Defendant's conduct include, without limitation:

(a) whether Defendant violated the Ohio Acts by failing to pay the Ohio Class Members for all overtime wages earned because of the violation(s) described herein;

(b) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Classes on account of Defendant's violations of the Ohio Acts;

(c) whether the unpaid and/or withheld compensation remained unpaid in violation of the Ohio Acts; and

(d) what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the Ohio Acts is due to Named Plaintiff and other members of the Ohio Classes on the overtime or other entitled compensation which was withheld or not paid to them.

**ANSWER:** The allegations in paragraph 80 purport to state legal conclusions and an affirmative response is not required. Defendant further denies that a class is appropriate.

81. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their hourly, non-exempt employees comprising of the Ohio Class.

**ANSWER:** The allegations in paragraph 81 purport to state a legal conclusion and an affirmative response is not required. Defendant further denies that a class is appropriate.

82. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Classes as a whole.

**ANSWER:** The allegations in paragraph 82 purport to state a legal conclusion and an affirmative response is not required. Defendant further denies that a class is appropriate.

83. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Classes predominate over questions affecting individual members of the Ohio Classes and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**ANSWER:** The allegations in paragraph 83 purport to state a legal conclusion and an affirmative response is not required. Defendant further denies that a class is appropriate.

84. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court.

**ANSWER:** The allegations in paragraph 84 are vague and conclusory and therefore Defendant denies the same. Defendant further denies that a class is appropriate.

85. Named Plaintiff and counsel are not aware of any interfering pending Ohio litigation on behalf of the Ohio Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their

19

rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**ANSWER:** The allegations in paragraph 85 are vague and conclusory and therefore Defendant denies the same. Defendant further denies that a class is appropriate.

86. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:** Defendant incorporates its answers and responses to the foregoing allegations as if fully stated herein.

87. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and other members of the FLSA Collective against Defendant, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

**ANSWER:** The allegations in paragraph 87 purport to summarize a portion of Plaintiff's claims, and therefore an affirmative response is not required. Defendant denies that a collective is appropriate.

88. The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

**ANSWER:** The allegations in paragraph 88 purport to state a legal conclusion and an affirmative response is not required.

89. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

**ANSWER:** Defendant denies that it employed Named Plaintiff during the three years preceding the filing of this Complaint. The remainder of the allegation in paragraph 89 is vague and conclusory and Defendant therefore denies the same. Defendant further denies that a collective is appropriate.

90. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

**ANSWER:** Defendant admits that Plaintiff was paid on an hourly basis and worked in a non-exempt position. The remainder of the allegations in paragraph 90 are vague and conclusory and therefore Defendant denies the same. Defendant further denies that a collective is appropriate.

91. During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweek(s), but were not paid for all overtime hours worked as a result of one or more of Defendant's (1) Pay-to-Shift Policy and/or (2) Additional Remuneration Policy as alleged above.

**ANSWER:** Defendant denies the allegations in paragraph 91.

92. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policy and/or practice described herein.

**ANSWER:** Defendant denies the allegations in paragraph 92.

93. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

**ANSWER:** Defendant denies the allegations in paragraph 93.

94. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

**ANSWER:** Defendant denies the allegations in paragraph 94.

95. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

**ANSWER:** Defendant denies the allegations in paragraph 95.

21

96. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and other similarly situated employees also violates the FLSA. See 29 C.F.R § 516.2(a)(7).

**ANSWER:** Defendant denies the allegations in paragraph 96.

97. Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and other members of the FLSA Collectives overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective Members was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

**ANSWER:** Defendant denies the allegations in paragraph 97.

98. As a result of Defendant's violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and other members of the FLSA Collective Members to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**ANSWER:** Defendant denies the allegations in paragraph 98.

99. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:** Defendant incorporates its answers and responses to the foregoing allegations as if fully stated herein.

100. This claim is brought under the Ohio Wage Act.

**ANSWER:** The allegation in paragraph 100 purports to summarize a portion of Plaintiff's claims, and therefore an affirmative response is not required.

22

101. Named Plaintiff and other Ohio Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

**ANSWER:** The allegations in paragraph 101 purport to state legal conclusions and an affirmative response is not required.

102. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." See O.R.C. § 4111.03(A); see also 29 U.S.C. § 207(a)(1) (stating same).

**ANSWER:** The allegations in paragraph 102 purport to state legal conclusions and an affirmative response is not required.

103. While employed by Defendant, Named Plaintiff and other Ohio Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03, but were not fully paid overtime wages as outlined above.

**ANSWER:** Defendant denies the allegations in paragraph 103.

104. As a result of Defendant's company-wide corporate policies and/or practices as described herein, Defendant failed to pay Named Plaintiff and other Ohio Class Members all overtime wages earned.

**ANSWER:** Defendant denies the allegations in paragraph 104.

105. Named Plaintiff and other Ohio Class Members were not exempt from the wage protections of the Ohio Wage Act.

**ANSWER:** The allegations in paragraph 105 are vague and conclusory and therefore Defendant denies the same.

106. Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiff and other Ohio Class Members were violations of the Ohio Wage Act, and, as such, Defendant

23

willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and other Ohio Class Members are entitled.

**ANSWER:** Defendant denies the allegations in paragraph 106.

107. For Defendant's violations of the Ohio Wage Act, Named Plaintiff and other Ohio Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, interest, attorneys' fees, and all other remedies available on behalf of herself and all other Ohio Class Members.

**ANSWER:** Defendant denies the allegations in paragraph 107.

108. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:** Defendant incorporates its answers and responses to the foregoing allegations as if fully stated herein.

109. The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA or the Ohio Wage Act) triggers a failure to timely pay wages under the OPPA.

**ANSWER:** The allegations in paragraph 109 purport to summarize a portion of Plaintiff's claims, and therefore an affirmative response is not required.

110. Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

**ANSWER:** The allegation in paragraph 110 purports to summarize a portion of Plaintiff's claims, and therefore an affirmative response is not required.

111. Named Plaintiff and other Ohio Class Members have been employed by Defendant.

**ANSWER:** The allegations in paragraph 111 purport to state legal conclusions and an affirmative response is not required.

112. At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and other Ohio Class Members have been employed by Defendant within the meaning of the OPPA.

24

**ANSWER:** The allegations in paragraph 112 purport to state legal conclusions and an affirmative response is not required.

113. The OPPA requires Defendant to pay Named Plaintiff and other Ohio Class Members all wages, including unpaid overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof and on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. See O.R.C. § 4113.15(A).

**ANSWER:** The allegations in paragraph 113 purport to state legal conclusions and an affirmative response is not required.

114. At all times relevant, Named Plaintiff and other Ohio Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

**ANSWER:** Defendant denies the allegations in paragraph 114.

115. As a result, Named Plaintiff's and other Ohio Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

**ANSWER:** Defendant denies the allegations in paragraph 115.

116. Defendant's violations of the OPPA, O.R.C. § 4113.15, injured Named Plaintiff and other Ohio Class Members of the FLSA Collectives in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

**ANSWER:** Defendant denies the allegations in paragraph 116.

117. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

**ANSWER:** Defendant denies the allegations in paragraph 117.

118. As a result of Defendant's violation of the OPPA, Plaintiff and other members of the FLSA Collective and Ohio Class Members are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.54.

25

**ANSWER:** Defendant denies the allegations in paragraph 118.

119. Defendant denies Plaintiff is entitled to any of his requested relief and respectfully requests that the Court dismiss Plaintiff's claims with prejudice, enter judgment in Defendant's favor, and award Defendant its costs and attorneys' fees and any such other and further relief as this Court deems appropriate. Defendant denies all allegations of fact contained in the Complaint unless they are expressly admitted to be true herein.

## SECOND DEFENSE

120. The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

121. Plaintiff and others he alleges are "similarly situated" are precluded from recovering any amounts from Defendant because Defendant has paid them all sums legally due.

## FOURTH DEFENSE

122. Plaintiff is not entitled to any relief, whether that relief is characterized as legal, equitable or declaratory in nature.

## FIFTH DEFENSE

123. Plaintiff may not recover under the Ohio Prompt Pay Act, Ohio R.C. 4113.15, because the wages Plaintiff seeks to recover are disputed.

## SIXTH DEFENSE

124. The Complaint is barred in whole, or in part, by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

## SEVENTH DEFENSE

125. Some or all of the claims of Plaintiff, and others with whom he is allegedly "similarly situated," under the Ohio Wage Act are barred by the two-year statute of limitations contained in Ohio Revised Code § 2305.11.

26

**EIGHTH DEFENSE**

126. With respect to some or all FLSA claims brought by Plaintiff and others with whom he is allegedly "similarly situated," Defendant affirmatively pleads that any acts or omissions that may be found to be in violation of the rights afforded by the FLSA and the Ohio Wage Act were not willful, but occurred in good faith, with reasonable grounds for believing Defendant was in full compliance with the FLSA.

**NINTH DEFENSE**

127. The Complaint, and each purported FLSA cause of action set forth therein, is barred in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, and parallel state law exceptions, as to all hours during which Plaintiff and others he alleges are "similarly situated" were engaged in activities that were not compensable work under the FLSA and were not an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary to their principal activities, and walking to the actual place of performance of the principal activities.

**TENTH DEFENSE**

128. Some, or all, of the disputed time for which Plaintiff and others with whom he is allegedly "similarly situated" may involve wages purportedly owed for time that is not compensable under the *de minimis* doctrine and rounding regulations.

**ELEVENTH DEFENSE**

129. Plaintiff and others with whom he is allegedly "similarly situated" may not recover liquidated damages because (i) Defendant (including its officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA; (ii) Defendant (including its officers, managers and agents) did not authorize or ratify

27

any willful violation with respect to Plaintiff and others with whom he is allegedly "similarly situated;" and (iii) Plaintiff and others with whom he is allegedly "similarly situated" have failed to plead facts sufficient to support recovery of such damages.

## TWELFTH DEFENSE

130. To the extent Plaintiff and others with whom he is allegedly "similarly situated" are entitled to damages, Defendant is entitled to a credit for, or set off against, amounts overpaid to them in the course of their employment, as well as a credit for overtime and other premium payments already made to them.

## THIRTEENTH DEFENSE

131. Plaintiff's FLSA claims are barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendant relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

## FOURTEENTH DEFENSE

132. Plaintiff may not maintain this action as a collective action under 29 U.S.C. § 216 because he is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

## FIFTEENTH DEFENSE

133. The claims set forth in the Amended Complaint are barred, in whole, or in part, by the doctrine of payment because (i) Defendant properly compensated Plaintiff and others with whom he is allegedly "similarly situated" for all time worked in accordance with the FLSA, and (ii) Defendant paid Plaintiff and others with whom he is allegedly "similarly situated" for additional time including, without limitation, premium payments as recognized under 29 U.S.C. §

28

207(e) and for time paid but not worked by Plaintiff and others with whom he is allegedly "similarly situated."

**SIXTEENTH DEFENSE**

134. Plaintiff and others with whom he is allegedly "similarly situated" may not pursue any claims in this action on behalf of anyone who has not joined this action, or consented to join this action under 29 U.S.C. §216(b).

**SEVENTEENTH DEFENSE**

135. Plaintiff and others with whom he is allegedly "similarly situated" are not entitled to compensation for hours they purportedly worked without Defendant's actual or constructive knowledge.

**EIGHTEENTH DEFENSE**

136. The Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining Defendant's liability for liquidated damages, attorney's fees and costs, if any, to Plaintiff and others with whom he is allegedly "similarly situated" on a group or aggregated basis.

**NINETEENTH DEFENSE**

137. This Court lacks subject matter and supplemental jurisdiction over Plaintiff's state laws claims because Plaintiff has no claim under 29 U.S.C. § 201, *et seq*.

**TWENTIETH DEFENSE**

138. Plaintiff's claims sounding in equity are barred by the doctrines of laches and/or unclean hands.

29

## TWENTY-FIRST DEFENSE

139. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment and acted at all times in good faith with respect to Plaintiff.

## TWENTY-SECOND DEFENSE

140. Plaintiff's proposed class action under Rule 23 is inherently incompatible with a collective action under 29 U.S.C. § 216(b) and Ohio law no longer permits hybrid collective/class actions for wage and hour claims.

## TWENTY-THIRD DEFENSE

141. The Court lacks jurisdiction over Defendant with respect to the claims of putative collective action class members who resided and/or provided services to Defendant outside the State of Ohio.

## TWENTY-FOURTH DEFENSE

142. Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative or other defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

## TWENTY-FIFTH DEFENSE

143. This Court lacks personal jurisdiction over named-Plaintiff Setliff and other putative class members under *Canaday v. The Anthem Companies*, Case No. No. 20-5947 (6th Cir. Aug. 17, 2021).

30

**PRAYER FOR RELIEF**

WHEREFORE, the Defendant demands judgment against the Plaintiff in its favor:

1.     Dismissing the Complaint against the Defendant on the merits with prejudice in its entirety;

2.     Awarding the Defendant its costs and disbursements, including reasonable attorney's fees accrued in this action.

3.     Granting the Defendant such other and further relief as this Court may deem equitable and proper.

Dated this 29th day of January, 2024.

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

/s/ *Rebecca J. Bennett*
Rebecca J. Bennett (0069566)
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
Phone (216) 241-6100
Fax (216) 357-4733
rebecca.bennett@ogletree.com

**ATTORNEY FOR DEFENDANT
CHARTER MANUFACTURING COMPANY,
INC.**

31

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Defendant's Answer and Affirmative Defenses* was filed electronically on January 29, 2024.  Notice of this filing will be sent to all parties, including the following counsel, by operation of the Court's electronic filing system.

/s/ *Rebecca J. Bennett*
Attorney for Defendant Charter
Manufacturing Company, Inc.

32